132

Affirmed.

27 C.C.P.A. (Patents)

## In re LANG.

### Patent Appeals No. 4324.

Court of Customs and Patent Appeals.

July 1, 1940.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Arthur H. Boettcher and Henry H. Babcock, both of Chicago, Ill., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all of the claims, Nos. 1, 3, 11 and 12, in appellant's application for a patent for an alleged invention relating to improvements in injection engines.

Claim 1 is illustrative of the claims and reads as follows: "1. In an injection engine, a cylinder and a piston operating therein, valve-controlled inlet and outlet passages connecting directly with said cylinder, a combustion chamber having a major dimension materially less than the diameter of said piston restrictedly opening *into said cylinder,* a supplementary chamber opening into said combustion chamber at one side thereof through a restricted orifice

and a funnel-like passage leading therefrom flaring inward of said combustion chamber, said supplementary chamber representing not more than approximately ten per centum of the total compression space, and an injection nozzle having an injection port opening into said combustion chamber at the opposite side thereof disposed to inject a stream of fuel toward said orifice, so that a portion thereof will enter said supplementary chamber to form therein a quick burning mixture and dominating burning pressure while the volume of the compression space remains substantially unchanged."

The references cited are: Sanders, 1,-787,326, December 30, 1930; Lang, 1,803,-262, April 28, 1931; Lang, 1,803,263, April 28, 1931; Lang, 1,954,082, April 10, 1934; Lang (Br.), 412,636, July 5, 1934; Lang, 1,998,725, April 23, 1935; Sanders, 2,089,-577, August 10, 1937; Lang, 2,103,423, December 28, 1937; Kahllenberger, 2,114,-924, April 19, 1938.

A general description of the alleged invention is set out in the decision of the Board of Appeals as follows: "The claims on appeal relate to an internal combustion engine of the type wherein a charge of air is compressed in a combustion chamber and a supplementary air chamber, and wherein fuel is then injected into the compressed air. It is emphasized that the supplementary chamber in this case which is connected with the main combustion chamber by a restricted orifice and funnel-shaped passage has a volume of not more than approximately 10% of the main compression space."

The claims were rejected by the examiner as not defining invention over the prior art. The Board of Appeals affirmed the grounds of rejection as set out by the examiner.

The cited prior art discloses internal combustion engines having main and supplementary compression chambers. The only question raised below and present here is whether or not limiting the size of the supplementary chamber so that it is "not more than approximately ten per centum of total compression space" patentably distinguishes over the cited prior art.

The examiner states in his decision that in the second office action on the application he invited appellant to submit proof or file convincing argument to show that the specific volume used for his auxiliary chamber is a critical value, producing some new or unexpected result not found in engine operation of the prior art. Appellant did not avail himself of the invitation but chose to proceed with the prosecution of his application under Rules 133 and 134 of the Patent Office.

There can be no doubt but that the general principle of construction of a type of engine such as is disclosed in the application herein is old in the art, as appears in all of the references.

In the specification of appellant he does not seem to place a specifically critical limitation on the relative size of the supplementary chamber. He states that a small portion of the air charge, "approximately 10% or less by volume, is forced into the supplementary chamber * * *." The Board of Appeals, however, did not entirely rest its holding in affirming the examiner, as to the limitation of 10% not being critical, upon the specification of appellant's application. It stated as follows: "* * * However, if it should be conceded as of some importance, certain of the citations show such relative dimensions of the supplemental air chamber such as those of Sanders, Kahllenberger and the British patent No. 412,636. Further, since this principle of construction of this type of engine appears well known as shown by all the citations, it is held to be only a matter of routine tests to find the best ratio even if it should be conceded to be rather critical."

While the patent to Kahllenberger does not state the relative sizes of his chambers, we think from a careful examination of the specification and drawings that the examiner was fully warranted in stating that "The patentee fully recognizes the effect the size of the auxiliary chamber has on the combustion characteristic of the mixtures in the main combustion chamber." The patent states that: "The reservoir chamber provides an enlargement of the compression space of the cylinder. In order to permit this to be balanced against a corresponding decrease in compression, the size of the reservoir chamber may be made variable in accordance with engine operating conditions, such as in accordance with the load or speed of the engine. By this means it is possible to more readily effect the starting of the engine and to maintain the engine at proper ignition temperatures and pressures both at starting

and during operation at light loads or reduced speeds."

The reservoir chamber, which is an auxiliary chamber, is shown by a drawing in the patent to be of cylindrical form within which there is a piston controlled manually or in accordance with engine operating conditions.

The prior art as shown by the Kahllenberger patent shows that it was old in the art to be able to adjust the size of the auxiliary chamber with reference to the total compression space. Therefore we are of the opinion that, as was held by the board, it would be "only a matter of routine tests to find the best ratio even if it should be considered to be rather critical."

The decision of the Board of Appeals is affirmed.

Affirmed.